**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| DEREK FEUSTAL,<br><br>Plaintiff,<br><br>VS.<br><br>NICK WEEMS; BART ROSSON; DALE HUFSTEDLER and PERRY COUNTY, TENNESSEE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIV. NO. 1:18-CV-01024-STA-egb<br>JURY DEMAND |

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT
AND DENYING DEFENDANTS' MOTIONS TO DISMISS WITHOUT PREJUDICE**

Plaintiff Derek Feustal filed this action on February 2, 2018, against Nick Weems, Bart Rosson, Dale Hufstedler, and Perry County, Tennessee, pursuant to 42 U.S.C. § 1983. Defendants Weems, Rosson, and Perry County filed a motion to dismiss on March 20, 2018. (ECF No. 20.) Defendant Hufstedler filed his own motion to dismiss on March 22, 2018. (ECF No. 22.) Plaintiff filed responses to the motions on April 17, 2018 (Nos. 23, 24) and an amended complaint (ECF No. 25) and motion to amend complaint (ECF No. 25-1) on April 20, 2018. Defendants Weems, Rosson, and Perry County filed a reply to Plaintiff's response to their motion to dismiss on May 1, 2018 (ECF No. 26) and a response to the motion to amend complaint (ECF No. 27) in which they object to Plaintiff's request to be allowed to amend his complaint. For the reasons set forth below, Plaintiff's motion to amend is **GRANTED**. Defendants' motions to dismiss are **DENIED** without prejudice.

Rule 15 provides:

(a) Amendments Before Trial.

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

In the present case, Plaintiff is beyond the time constraints of Rule 15(a)(1) and, therefore, must obtain the opposing party's written consent or leave of this Court. Defendants object to the proposed amendment. Thus, the Court must determine whether "justice so requires" granting Plaintiff's motion.

Rule 15 encourages courts to look favorably on requests to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962), and reinforces the principle that cases "should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). However, the right to amend is not absolute or automatic. *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 551 (6th Cir. 2008). Courts consider a number of factors when determining whether to grant a motion to amend under Rule 15(a)(2) including, "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Pedreira v. Ky. Baptist Homes for Children, Inc.*, 597 F. 3d 722, 729 (6th Cir. 2009).

In the present case, the motion to amend was filed less than three months after the filing of the original complaint, the opposing parties have received notice of the filing and have

responded to the motion, there is no evidence of bad faith on the part of Plaintiff, this is the first time that Plaintiff has sought to amend his complaint, and Defendants will suffer no undue prejudice if Plaintiff is allowed to amend his complaint. Although Defendants argue that the amendment would be futile, the Court finds that the merits of the amendment will be better addressed in amended motions to dismiss.

Therefore, the motion to amend the complaint is **GRANTED**. The motions to dismiss are **DENIED** without prejudice to refiling in light of the amended complaint.

IT IS SO ORDERED.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: June 7, 2018